135 N.J. Super. 120 (1975)
342 A.2d 866
THE BOARD OF EDUCATION OF THE CITY OF ENGLEWOOD, PETITIONER-APPELLANT,
v.
ENGLEWOOD TEACHERS' ASSOCIATION, AN UNINCORPORATED ASSOCIATION OF SEVEN (7) OR MORE PERSONS, RESPONDENT-RESPONDENT.
THE BOARD OF EDUCATION OF THE BOROUGH OF TENAFLY, PETITIONER-APPELLANT,
v.
TENAFLY TEACHERS' ASSOCIATION, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted June 3, 1975.
Decided June 27, 1975.
*122 Before Judges MATTHEWS, FRITZ and BOTTER.
Messrs. Wittman, Anzalone, Bernstein & Dunn, attorneys for appellant Board of Education of the City of Englewood (Mr. Thomas W. Dunn, on the brief).
Mr. Irving C. Evers, attorney for appellant Board of Education of the Borough of Tenafly.
Messrs. Goldberg & Simon, attorneys for respondents Englewood Teachers' Association and Tenafly Teachers' Association (Mr. Theodore M. Simon on the briefs).
Mr. David A. Wallace, attorney for Public Employment Relations Commission.
Mr. Lester Aron, attorney for amicus curiae New Jersey School Boards Association.
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
Petitioners, Board of Education of the City of Englewood (Englewood) and Board of Education of the Borough of Tenafly (Tenafly), seek leave to appeal an "interlocutory decision" of the Public Employment Relations Commission (PERC) which denied injunctive relief to each of them pending the resolution of scope of negotiations proceedings. We grant leave to appeal solely on the issue as to whether PERC has jurisdiction to grant the restraints requested. The two appeals are consolidated, and pursuant to R. 2:11-2 we proceed to the merits.
We are not concerned with the merits of the issues which led to these proceedings. For the purposes of this decision it is sufficient that we note that both Englewood and Tenafly have disagreed with the claims of the education associations representing their faculties. Both education associations have invoked the arbitration clauses under the existing contracts between each of them and their respective boards of *123 education. Both Englewood and Tenafly responded to the arbitration requests by seeking injunctive relief from the Chancery Division of this court. Both were advised by the Chancery Division judge that he had no jurisdiction over the subject matter and, accordingly, he refused to accept the complaints for filing. No appeal was taken from that action.
Thereafter, both Englewood and Tenafly applied to the State Department of Education, again seeking a stay of the respective arbitration proceedings. Again, they were advised that there was no jurisdiction in the State Department of Education.
Subsequently, both boards filed petitions with PERC for scope of negotiations determinations under the provisions of N.J.S.A. 34:13A-5.4(d). In their petitions both boards alleged that disputes had arisen with respect to certain matters which the associations have sought to process pursuant to collectively negotiated grievance procedures and concerning which the associations are attempting to invoke arbitration pursuant to their contract grievance procedures. In connection with the relief sought each board requested that PERC temporarily restrain arbitration during the pendency of the scope of negotiations proceedings. In seeking the temporary relief each board contended before PERC that if it prevailed on the merits, the associations would not be entitled to proceed to arbitration.
PERC, under N.J.S.A. 34:13A-6(f), delegated its executive director to act on its behalf. After hearing the arguments of counsel he filed a formal opinion in which he concluded that PERC did not have jurisdiction to grant injunctive relief under the provisions of N.J.S.A. 34:13A-5.4 (d), although he did conclude that such jurisdiction did exist with respect to the unfair labor practice provisions of subsection 5.4(c). He stated:
* * * the Commission views scope of negotiations proceedings under subsection (d) in an entirely different light. The very differences in *124 procedure and philosophy that distinguish "scope" proceedings from "violations" proceedings, outlined above  differences which, in the Commission's judgment, are valid and necessary  also serve to distinguish the two types of proceedings with respect to their amenability to interim relief requests. Put differently, the very elements of "violations" proceedings under subsection (c) which lend themselves conceptually and pragmatically to the assertion of interim relief jurisdiction, are absent from "scope" proceedings under subsection (d).
We disagree with the reasoning and conclusion of the PERC interlocutory decision in this regard and reverse. The legislative scheme embodied in N.J.S.A. 34:13A-1 et seq. (L. 1974, c. 123) imposes on PERC full responsibility for forestalling, resolving and supervising both potential and actual labor disputes involving public employees. Under the statute PERC regulates elections of negotiation representatives, negotiations and impasse proceedings, it determines the scope of negotiability, issues cease and desist orders to those who engage in unfair labor practices, and also issues any other orders reasonably necessary to effectuate the purposes of the act. N.J.S.A. 34:13A-5.4 and 6 (L. 1974, c. 123, §§ 1, 5). Considering these broad powers granted to it by the Legislature, we can conceive of no reason why PERC should not have the power to grant interim relief during the pendency of a scope of negotiation proceeding. Certainly, PERC has the power to terminate any arbitration proceedings by issuing its final order in a scope proceeding. Implicitly, it should have the power to suspend arbitration whenever it determines it reasonable to do so. Obviously, if the result of a given scope proceeding would negate arbitration, the prosecution of arbitration proceedings in the interim would constitute a monumental waste of time and energy.
Again, we cannot conclude that it was the intent of the Legislature to compound scope procedures by requiring resort to another tribunal during their pendency. It seems more probable that it was the legislative intent that all issues relevant to scope of negotiations be determined in one forum. *125 Cf. Dist. 65, R.W.D.S.U. v. Paramount Surg. Sup. Co., 117 N.J. Super. 125, 128 (App. Div. 1971) We find that in vesting PERC jurisdiction over questions of scope of negotiability the Legislature intended to include the jurisdiction and power to grant interim relief in such proceedings.
Needless to say, we express no opinion as to whether the interim relief ought to be granted.
The interlocutory decision (PERC No. 86) of the Public Employment Relations Commission, dated May 7, 1975, is reversed. Both proceedings are remanded to PERC for such further proceedings as may be appropriate. No costs to any party.