70 N.J. 130 (1976)
358 A.2d 180
PATROLMAN'S BENEVOLENT ASSOCIATION OF MONTCLAIR, LOCAL NO. 53, PLAINTIFF-APPELLANT,
v.
TOWN OF MONTCLAIR, A MUNICIPAL CORPORATION AND THEODORE MACLACHLAN, DIRECTOR OF DEPARTMENT OF PUBLIC SAFETY, DEFENDANTS-RESPONDENTS.
The Supreme Court of New Jersey.
Argued February 24, 1976.
Decided May 11, 1976.
*132 Mr. James R. Zazzali argued the cause for plaintiff-appellant (Messrs. Zazzali & Zazzali, attorneys).
Mr. Frank X. McDermott argued the cause for defendants-respondents (Mr. McDermott, of counsel; Mr. Maurice J. Nelligan, Jr., on the brief; Messrs. Apruzzese & McDermott, attorneys).
Mr. Theodore M. Simon and Mr. Gerald M. Goldberg filed a brief for amicus curiae New Jersey Education Association (Messrs. Goldberg & Simon, Special Counsel, attorneys).
*133 PER CURIAM.
The propriety of the court's jurisdiction over a dispute between public employees and the municipal employer and the retroactive effect of an amendment to the New Jersey Employer-Employee Relations Act, L. 1974, c. 123, are the issues projected by this appeal.
The plaintiff, Patrolman's Benevolent Association of Montclair, New Jersey, Local No. 53 (PBA), asserted in its complaint that it was "the designated and selected representative of all police officers employed by the Town of Montclair for purposes of collective negotiation with the Town of Montclair concerning terms and conditions of employment for all such police officers." It charged that in November, 1973, the plaintiff requested negotiations with the defendant Town of Montclair concerning terms and conditions of employment for the year 1974; that negotiations were conducted on January 10 and 22, 1974; that another meeting occurred on January 30 at which no negotiations transpired; that on February 19, 1974, the Town introduced an ordinance increasing salaries of police officers and unilaterally eliminated compensatory time off for overtime worked by police detectives, both acts being in violation of N.J.S.A. 34:13A-5.3; that plaintiff had received various complaints from its members and defendant's actions have "seriously undermined the ability of the plaintiff to collectively negotiate on behalf of its members." The plaintiff sought an order directing the defendant Town to negotiate with it, that that defendant be restrained from enacting any ordinance establishing salaries "for those employees represented by the plaintiff" and that the Town be restrained from modifying any rules or regulations governing "employees represented by the plaintiff" which existed immediately prior to November of 1973.
The complaint was supported by an affidavit of Carmen Pizzano, President of the PBA, which asserted the information therein was "true to the best of my knowledge and information and belief" and otherwise contained some hearsay statements *134 and general conclusions of law and fact. The trial court issued an order to show cause without any restraints.[1]
The defendant filed an answer to the order to show cause asserting that the plaintiff had not been certified as employee representative by the Public Employment Relations Commission (PERC) in accordance with N.J.A.C. 19:11-1.1 et seq. or by the defendant without the Commission's intervention pursuant to the procedures in N.J.A.C. 19:11-1.14. An affidavit of Theodore MacLachlan, Montclair's Commissioner of Public Safety, filed with the answer, stated that the Town had not recognized the plaintiff as the exclusive bargaining representative of its policemen, although the Town had voluntarily met and discussed with the plaintiff various terms and conditions of employment.
At the hearing on the return day, no testimony was taken and no additional affidavits were submitted. The trial court's opinion, 128 N.J. Super. 59 (Ch. Div. 1974), pointed out that PERC was empowered to resolve representational disputes, through elections or any other appropriate method "so long as it is designed to ascertain the free choice of the employees"; that jurisdiction over the subject matter was vested in PERC; and that since the plaintiff had not exhausted its administrative remedies, the complaint should be dismissed.
Upon appeal the Appellate Division rejected the trial court's rationale because: (1) a majority representative had been selected; and (2) defendant never questioned plaintiff's status until its answer was filed and it had lulled plaintiff over a period of months into a false sense of security. 131 N.J. Super. 505 (App. Div. 1974). The Appellate Division affirmed the judgment, however, because it found that an "impasse" in the negotiations had been reached; that N.J. *135 S.A. 34:13A-6(b) provided that when that occurred PERC "shall, upon the request of either party, take such steps as it may deem expedient to effect a voluntary resolution of the impasse"; that this remedy was available to plaintiff; and that the complaint had been properly dismissed for failure to exhaust the administrative remedy. We granted certification. 68 N.J. 136 (1975).
The defendant has moved to dismiss the pending appeal as moot because on December 10, 1975, Montclair and the PBA had entered into an agreement in which the PBA was recognized as the exclusive negotiating representative for the police and all the terms and conditions of employment for the year 1975 were resolved. The motion is denied for even if the PBA were the duly authorized representative of the police, there remains unresolved the propriety of the actions taken by the Town fixing salaries and wage benefits for the year 1974, and available remedies if the municipality's actions were improper.
We agree with the trial court that a threshold question was whether in 1973, when the PBA commenced discussions with the Town of Montclair, it was the duly authorized representative of the police. It is also clear that jurisdiction had been vested in the New Jersey Public Employment Relations Commission (PERC) to determine the identity of the employee representative. N.J.S.A. 34:13A-5.3; N.J.A.C. 19:11-1.1 et seq. We also concur with the trial court's holding that PERC should initially resolve the representation issue. This position is consonant with the principle of primary jurisdiction. Woodside Homes, Inc. v. Morristown, 26 N.J. 529, 540-541 (1958); 3 Davis, Administrative Law Treatise, §§ 19.01 and 19.07 (1958). And the trial court may well have retained jurisdiction pending that determination.
If the PBA is found to have been the proper representative of the police, then its remaining charges, such as the Town's unilateral elimination of compensatory time off for overtime worked must be resolved.
*136 While this appeal was pending, the New Jersey Employer-Employee Relations Act, as amended by L. 1974, c. 123 (approved October 21, 1974 to take effect 90 days after enactment), gave PERC jurisdiction to hear and decide unfair labor practice charges and to issue appropriate remedial orders respecting them. We determine that the foregoing amendment procedurally has retroactive effect and applies to the pending and unresolved charges of unfair practices in the dispute between plaintiff and defendants herein over the fixing of salaries and other wage benefits of police officers of the Town of Montclair for the calendar year 1974.
Accordingly, we vacate the judgment of the Appellate Division and remand the matter to the trial court with directions to enter an order transferring the dispute to PERC for appropriate proceedings under the statute, including a determination of the issue of plaintiff's standing as a majority representative of the public employees involved for the year 1974.
Under the particular circumstances of this case, the provision of N.J.S.A. 34:13A-5.4(c) that no complaint shall issue by PERC based upon any unfair practice occurring more than six months prior to the filing of the charge is hereby deemed to be inapplicable to the charges herein.
We do not retain jurisdiction. So ordered.
For vacation and remandment  Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD  7.
For affirmance  None.
NOTES
[1] It is questionable whether the order to show cause should have been issued on such a verification. Lippmann v. Hydro-Space Technology, Inc., 77 N.J. Super. 497, 503-504 (App. Div. 1962); R. 4:67-2(a) and R. 1:6-6.