144 N.J. Super. 521 (1976)
366 A.2d 703
BOARD OF EDUCATION OF THE CITY OF PLAINFIELD, PLAINTIFF-RESPONDENT,
v.
PLAINFIELD EDUCATION ASSOCIATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 14, 1976.
Decided November 4, 1976.
*522 Before Judges MATTHEWS, SEIDMAN and HORN.
Messrs. Goldberg & Simon, attorneys for appellant.
Messrs. Murray, Meagher & Granello, attorneys for respondent (Mr. Robert J. Hrebek on the brief).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
We granted leave to appeal, solely to consider the issue of whether the trial divisions of this court have concurrent jurisdiction with the Public Employment Relations Commission (PERC) to consider and determine scope of negotiability questions under N.J.S.A. 34:13A-5.4(d), the specific items in dispute here being the number of preparation periods for teachers and the degree of teacher supervision in the cafeterias. The Law Division judge was of the view that the court had concurrent jurisdiction because the contract here involved antedated the Employer-Employee Relations Act (L. 1974, c. 123), and neither party had requested PERC to determine whether the matters in dispute were within the scope of collective negotiations.
*523 Defendant argues that PERC is the only appropriate forum for the resolution of such questions, even though the parties to this appeal may have contractually agreed that their collective negotiations problems would be resolved by a "court of record." It takes the position that the Superior Court lacks subject matter jurisdiction to consider scope questions, and this was the legislative intent behind the amendments.
Plaintiff concedes that the legislation in question gives PERC jurisdiction to consider and resolve scope questions, but argues that the jurisdiction so conferred is concurrent with that of the Superior Court. In support of its position, plaintiff contends that the literal language employed in the amended statute confers exclusive jurisdiction over unfair labor practices to PERC, and confers only concurrent jurisdiction over scope questions to that body.
The pertinent sections of N.J.S.A. 34:13A-5.4(c), (d) and (f), provide:
c. The commission shall have exclusive power as hereinafter provided to prevent anyone from engaging in any unfair practice listed in subsections a. and b. above. Whenever it is charged that anyone has engaged or is engaging in any such unfair practice, the commission, or any designated agent thereof, shall have authority to issue and cause to be served upon such party a complaint stating the specific unfair practice charged and including a notice of hearing containing the date and place of hearing before the commission or any designated agent thereof; provided that no complaint shall issue based upon any unfair practice occurring more than 6 months prior to the filing of the charge unless the person aggrieved thereby was prevented from filing such charge in which event the 6 months period shall be computed from the day he was no longer so prevented.
In any such proceeding, the provisions of the Administrative Procedure Act P.L. 1968, c. 410 (C. 52:14B-1 et seq.) shall be applicable. Evidence shall be taken at the hearing and filed with the commission. If, upon all the evidence taken, the commission shall determine that any party charged has engaged or is engaging in any such unfair practice, the commission shall state its findings of fact and conclusions of law and issue and cause to be served on such party an order requiring such party to cease and desist from such unfair practice, and to take such reasonable affirmative action as will effectuate the policies of this act. All cases in which a complaint *524 and notice of hearing on a charge is actually issued by the commission, shall be prosecuted before the commission or its agent, or both, by the representative of the employee organization or party filing the charge or his authorized representative.
d. The commission shall at all times have the power and duty, upon the request of any public employer or majority representative, to make a determination as to whether a matter in dispute is within the scope of collective negotiations. The commission shall serve the parties with its findings of fact and conclusions of law. Any determination made by the commission pursuant to this subsection may be appealed to the Appellate Division of the Superior Court.

* * * * * * * *
f. The commission shall have the power to apply to the Appellate Division of the Superior Court for an appropriate order enforcing any order of the commission issued under subsection c. or d. hereof, and its findings of fact, if based upon substantial evidence on the record as a whole, shall not, in such action, be set aside or modified; any order for remedial or affirmative action, if reasonably designed to effectuate the purposes of this act, shall be affirmed and enforced in such proceeding. [Emphasis supplied]
It is elementary that a grant of authority to an administrative agency is to be liberally construed so as to enable the agency to discharge its statutory responsibilities. In re Promulgation of Rules of Practice, 132 N.J. Super. 45, 48-49 (App. Div. 1974). In short, the authority delegated to an administrative agency should be construed so as to permit the fullest accomplishment of the legislative intent. Cammarata v. Essex Cty. Park Comm'n, 26 N.J. 404, 411 (1958). Moreover, when construing a statutory enactment it is fundamental that the general intention of the act controls the interpretation of its parts. Hackensack Water Co. v. Ruta, 3 N.J. 139, 147 (1949). All statutory provisions are to be related and effect given to each if such be reasonably possible. Jamouneau v. Harner, 16 N.J. 500, 513 (1954).
In Englewood Bd. of Ed. v. Englewood Teachers, 135 N.J. Super. 120, 124-125 (App. Div. 1975), we reversed a determination reached by PERC that it did not have jurisdiction to grant injunctive relief under the provisions of subsection (d), although such jurisdiction did exist with respect to unfair labor practices under subsection (c), holding that PERC *525 did have authority to issue interlocutory injunctive relief under the former section. We said:
Again, we cannot conclude that it was the intent of the Legislature to compound scope procedures by requiring resort to another tribunal during their pendency. It seems more probable that it was the legislative intent that all issues relevant to scope of negotiations be determined in one forum. * * * [at 124]
Consistent with that observation, our analysis of the statute in light of the above-mentioned principles of statutory construction leads us to the conclusion that PERC has been granted primary jurisdiction to determine scope questions  that is, that it is the intent of the Legislature in adopting the act to provide an administrative procedure for the resolution of a dispute over negotiability of a particular issue, and that such procedure should be exhausted before recourse is had to the courts. Cf. Woodside Homes, Inc. v. Morristown, 26 N.J. 529, 540-541 (1958), Patrolman's Benev. Ass'n v. Montclair, 70 N.J. 130, 135 (1976), and, generally, 3 Davis, Administrative Law Treatise, §§ 19.01 et seq. (1958). We believe that a construction of the act which admits the possibility of concurrent jurisdiction over scope questions in the trial division of this court and PERC would serve only to frustrate a principal purpose of the act:
* * * the voluntary mediation of such public * * * employer-employee disputes under the guidance and supervision of a governmental agency will tend to promote permanent public * * * employer-employee peace and the health, welfare, comfort and safety of the people of the State. * * * [N.J.S.A. 34:13A-2; emphasis supplied]
We also note in this regard the specific provision in subsection (d) for a right to appeal to this court from all determinations made thereunder.
Plaintiff argues that N.J.S.A. 34:13A-5.4(c) grants PERC the exclusive authority to prevent "anyone from engaging in unfair labor practices," while N.J.S.A. 34:15A-5.4(d) does not specifically state that PERC has exclusive *526 authority to determine scope problems. Plaintiff board uses the difference in statutory language to further its argument that since the latter section does not confer exclusive jurisdiction over scope problems on PERC, concurrent jurisdiction must exist between PERC and the court. The obvious answer to that argument is that subsections (c), (d) and (f) must be read in pari materia. Mimkon v. Ford, 66 N.J. 426, 433 (1975); Gualano v. Elizabeth School Dist. Bd. of Estimate, 72 N.J. Super. 7, 22-23 (Law Div. 1962), aff'd 39 N.J. 300 (1963). Considering the sections in that manner discloses the inappropriateness of the use of the word "exclusive" in subsection (d) because of the jurisdiction to review conferred on this court therein and the lack of such grant in subsection (c). This observation is further supported by the apparent circumscription of our jurisdiction to review applications for enforcement orders in subsection (f). Consequently, we conclude that PERC holds primary jurisdiction over scope questions and that the trial judge erred in concluding that concurrent jurisdiction exists between the Chancery Division and the agency.
We give no particular significance to the fact that PERC is empowered to act "upon the request of any public employer or majority representative." N.J.S.A. 34:13A-5.4 (d). That phrase merely invokes the jurisdiction of PERC; it does not imply that absent such a request either party may by-pass PERC and seek relief in a judicial proceeding. In other words, if there is a dispute over negotiability of a matter and either side wishes to obtain an official determination of the issue, a request for such determination must be made to PERC in the first instance, and not to the courts.
Finally, the fact that the contract before us antedated the section of the statute in question (N.J.S.A. 34:13A-5.4(d)) is of no significance since Patrolman's Benev. Ass'n v. Montclair, 70 N.J. 130, 136 (1976), clearly holds that the 1974 amendments have retroactive effect and apply to pending disputes.
*527 The order of the Law Division is vacated and the cause remanded with direction to enter an order transferring the disputes to PERC for appropriate proceedings under the statute.
Reversed and remanded. No costs.