155 N.J. Super. 76 (1977)
382 A.2d 392
BOARD OF EDUCATION OF THE CITY OF ASBURY PARK, PLAINTIFF-RESPONDENT,
v.
ASBURY PARK EDUCATION ASSOCIATION, RUSSELL LEIDY, PRESIDENT, EDWARD HUDSON, CARLO MANNA, LEWIS GIVLER, ALBERT BROWN, JOHN KNIGHT, LANUEL FERGUSON, ANTHONY GIORDANO, JUDITH YOUNG, ROBERT TAYLOR, THOMAS WALSH, PEOLA SMITH, DANIEL MURPHY, MAX LIDDICK, AND DORIAN PARREOTT, AND ALL OFFICERS, MEMBERS AND AGENTS OF THE ASBURY PARK EDUCATION ASSOCIATION, AS A CLASS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1977.
Decided December 30, 1977.
*77 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. Michael D. Schottland argued the cause for appellants (Messrs. Chamlin, Schottland, Rosen & Cavanagh, attorneys).
Mr. Malachi J. Kenney argued the cause for respondent (Messrs. Murray, Meagher & Granello, attorneys).
PER CURIAM.
Defendants appeal from an order of the Chancery Division entered pursuant to its formal opinion which is reported at 145 N.J. Super. 495 (Ch. Div. 1976). The defendants were enjoined "from withholding in concert, the performance of their assigned extracurricular duties for the 1976-1977 academic year." The issue thereby resolved now being moot, the appeal from that part of the order under review is dismissed. Hughes v. Eisner, 8 N.J. 228 (1952).
Defendants also appeal from so much of the order below which denied relief on their counterclaim for declaratory judgment that teachers are not required to perform extracurricular and co-curricular functions and that they may *78 refuse to do so if they choose. The trial judge's action was based on the conclusions that
* * * extracurricular activities are an integral part of a child's education and are incorporated into the duty to properly teach: that local boards of education may assign said activities within reason, and may require their performance; and that such assignments may be made without additional compensation. [Asbury Park Bd. of Ed. v. Asbury Park Ed. Assn, supra 145 N.J. Super. at 506]
We sustain the trial court's denial of declaratory judgment, not for the reasons given, but because the judge should not have undertaken to decide the underlying issue in this action. Although the original dispute was cognizable in the Superior Court, the question of extracurricular duties lay within the special competence of the Public Employees Relations Commission (PERC). N.J.S.A. 34:13A-5.2, 5.4(d). Its expertise was available, and under the doctrine of primary jurisdiction, which is concerned with "promoting the proper relationship between the courts and administrative agencies charged with particular regulatory duties," this important issue should have been transferred to that administrative body. Patrolman's Benev. Ass'n v. Montclair, 70 N.J. 130, 135 (1976); In re Hoboken Teachers' Ass'n, 147 N.J. Super. 240, 247-249 (App. Div. 1977); Plainfield Bd. of Ed. v. Plainfield Ed. Ass'n, 144 N.J. Super. 521, 525 (App. Div. 1976).
Judgment in part affirmed and appeal in part dismissed.