**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1054-15T1

SHARLENE WHITE,

    Plaintiff-Appellant,

v.

ROWAN UNIVERSITY, SCHOOL OF
OSTEOPATHIC MEDICINE,

    Defendant-Respondent.

_____

          Submitted February 27, 2017 — Decided  March 21, 2017

          Before Judges Nugent and Currier.

          On appeal from the Superior Court of New
          Jersey, Law Division, Special Civil Part,
          Gloucester County, Docket No. DC-2138-15.

          Mets Schiro McGovern & Paris, LLP, attorneys
          for appellant (Matthew T. Clark, of counsel
          and on the brief).

          Christopher S. Porrino, Attorney General,
          attorney for respondent (Melissa Dutton
          Schaffer, Assistant Attorney General, of
          counsel; James M. Esposito, Deputy Attorney
          General, on the brief).

PER CURIAM

    Appellant Sharlene White appeals from the August 10, 2015

order dismissing her complaint with prejudice.  After reviewing

the record in light of the contentions advanced on appeal, we affirm.

Appellant was employed at Rowan University School of Osteopathic Medicine (Rowan) from 1993 to 2010. During that time, she participated in the Public Employment Retirement System (PERS) and was a member of the International Brotherhood of Teamsters, Local No. 97. At all pertinent times, a collective bargaining agreement was in effect between Local 97 and Rowan. The agreement provided that, upon an employee's retirement, Rowan would pay the employee for her unused sick time in an amount not to exceed $15,000. The supplemental compensation on retirement (SCOR) program was not available to employees who elected a deferred retirement.

On May 4, 2010, Rowan notified appellant that she was being laid off from her position. Instead of retiring, she elected to remain on Rowan's employment recall list, making her eligible for the possibility of future employment by any PERS participating entity.

In June 2012, having not been recalled, appellant submitted her application for a service retirement[1] that was approved by

---

[1] A service retirement is available to active PERS members aged sixty and older, and no minimum years of service are required.

PERS. After retiring, she applied for SCOR benefits, which were denied. Appellant was advised by the Division of Pensions and Benefits that her retirement was considered deferred since "[she] did not file for retirement until two years after [she] left employment, even though [she] was eligible to file when [she] left [Rowan] in June 2010."[2]

In 2013, appellant sought, and was granted, leave to file an untimely Notice of Tort Claim under N.J.S.A. 59:13-6. She thereafter filed a complaint and order to show cause for summary disposition in Essex County Superior Court, alleging a breach of contract in Rowan's failure to compensate her for her accrued unused sick time.

On March 21, 2014, Judge Sebastian P. Lombardi considered appellant's application and the supporting documents, and determined that appellant had not exhausted her administrative remedies; therefore, dismissal was appropriate as the court lacked jurisdiction over the matter. The judge referred to the regulations pertaining to SCOR, and relied on the provision that directs an employee who wishes to contest an eligibility determination to the Civil Service Commission (CSC). N.J.A.C.

---

[2] A deferred retirement is available to PERS members who have not yet attained their pension fund's service retirement age but have established ten years or more of service credit.

4A:6-3.4(d)(2); N.J.A.C. 4A:2-1.7(a)16 (identifying supplemental compensation on retirement as an issue covered by the CSC appeals process). Finding that the bargaining agreement clearly delineated that the SCOR program was subject to the rules and regulations of the CSC, making the CSC the forum in which to present an appeal, the judge dismissed the complaint. An order of June 13, 2014 memorialized the judge's ruling.

Despite the judge's reiteration in his decision that appellant's application properly belonged before the CSC, appellant did not pursue that recourse. She instead filed an unfair labor practice charge against Rowan with the Public Employment Relations Commission that was dismissed the following month.

Six months later, in January 2015, appellant filed a complaint in Gloucester County Superior Court, reasserting the claims previously dismissed in the Essex County action. Rowan moved under Rule 4:6-2(e) for a dismissal of the complaint for lack of jurisdiction and failure to state a claim. The motion was granted.[3]

Appellant argues on appeal that the trial court erroneously dismissed her complaint and she repeats her substantive arguments.

_____

[3] The August 10, 2015 order was issued without a decision.

We disagree. The dismissal of the complaint was not based on a consideration of its merit; the claims were dismissed for a lack of jurisdiction.  The judges determined that appellant's remedy lay with the CSC; the complaint was dismissed for appellant's failure to exhaust her administrative remedies.

"Under the doctrine of primary jurisdiction, courts generally decline to hear matters cognizable by an administrative agency." Alexander's Dep't Stores of N.J., Inc. v. Borough of Paramus, 125 N.J. 100, 113 (1991); see also Bd. of Educ. v. Asbury Park Educ. Ass'n, 155 N.J. Super. 76, 78 (App. Div. 1977) (although claim was cognizable within trial court, the court should have transferred claim as it was within the purview of an administrative agency). It is well established that claimants must exhaust their administrative remedies as it "allow[s] administrative bodies to perform their statutory functions in an orderly manner without preliminary interference from the courts."  Brunetti v. Borough of New Milford, 68 N.J. 576, 588 (1975) (citing Ward v. Keenan, 3 N.J. 298, 302 (1949)).

Here, appellant should have exhausted her administrative remedies in the CSC prior to pursuing a claim in the courts.  SCOR benefits are governed by N.J.S.A. 11A:6-16 and -17.  An appeal for a denial of SCOR eligibility is with the CSC pursuant to N.J.A.C.

4A:6-3.4(d)(2).[4]

In assuming "the facts as asserted by plaintiff are true[,]" and giving appellant "the benefit of all inferences that may be drawn[,]" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)), we are satisfied that the judges properly dismissed the complaint for appellant's failure to pursue her claim before the CSC.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] "If eligibility criteria have not been met, the request shall be disapproved and the employee shall be provided written notice of the reasons for disapproval and the right to appeal to the Civil Service Commission." (Emphasis added).

A-1054-15T1