**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3533-19

POLICEMEN'S BENEVOLENT
ASSOCIATION LOCAL NO. 400,

     Plaintiff-Appellant,

v.

SALEM COUNTY and
SALEM COUNTY SHERIFF'S
DEPARTMENT,

     Defendants-Respondents.

_____

SALEM COUNTY and
SALEM COUNTY SHERIFF'S
DEPARTMENT,

     Plaintiffs-Respondents,

v.

POLICEMEN'S BENEVOLENT
ASSOCIATION LOCAL NO. 400,

     Defendant-Appellant.

_____

Argued June 9, 2021 – Decided August 19, 2021

Before Judges Ostrer, Accurso, and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Docket Nos. L-0018-20 and L-0025-20.

Christopher A. Gray argued the cause for appellant (Sciarra & Catrambone, LLC, attorneys; Matthew R. Curran and Christopher A. Gray, of counsel and on the briefs).

Joseph M. DiNicola, Jr., argued the cause for respondents (DiNicola & DiNicola, LLC, attorneys; Joseph M. DiNicola, Jr., on the brief).

PER CURIAM

Plaintiff, Policemen's Benevolent Association Local No. 400, appeals from a Law Division decision in favor of Salem County vacating an arbitration award. Although the case has a somewhat tortured procedural history and the parties do not agree on much of anything, both acknowledge that questions of managerial prerogative, which are at the heart of this case, are the primary province of the New Jersey Public Employment Relations Commission.

Unfortunately, PERC has yet to weigh in on the issue. The County did not file a scope of negotiations petition in this matter until after the arbitration award when both parties had pending applications before the Law Division pursuant to N.J.S.A. 2A:24-7. PERC directed the County to withdraw its scope

2

petition, following the policy it announced in <u>In the Matter of Twp. of Ocean Bd. of Educ & Twp. of Ocean Teachers' Ass'n</u>, P.E.R.C. No. 83-164, 9 N.J.P.E.R. ¶ 397, 1983 N.J. PERC LEXIS 14 at 181 (1983), not to entertain a scope petition after the issuance of an arbitration award. In its 1983 decision, PERC explained that scope petitions filed after entry of an arbitration award waste time and money, "frustrati[ng] . . . the arbitration process and the parties." <u>Id.</u> at 6. The decision instructs an employer wishing "to preserve a 'dispute' over the legal arbitrability of an arbitration award," to file an action to vacate or modify the award under N.J.S.A. 2A:24-7, and ask the court "to transfer the scope of negotiations question to the Commission for resolution pursuant to <u>Ridgefield Park [Educ. Ass'n v. Ridgefield Park Bd. of Educ.</u>, 78 N.J. 144, 153-55 (1978)]." <u>Id.</u> at 12.

PERC's <u>Ocean Township</u> decision further makes clear the Commission "will, of course, entertain any scope of negotiations questions which a court refers to [it] as part of a statutory proceeding to review an arbitration award." <u>Id.</u> at 12-13. Our own cases endorse that procedure. Judge Pressler explained in <u>City of Newark v. Newark Council 21, N.J. Civ. Serv. Ass'n</u>, 320 N.J. Super. 8, 17 (App. Div. 1999), that

> it has long been settled that where grievance arbitration
> of a particular matter is challenged by the public

3

employer on the ground that the subject of the grievance constitutes a management prerogative and is hence not negotiable in the first instance, the jurisdiction of PERC is primary and the trial court should defer to PERC.

Unfortunately that did not occur here. Instead, the County argued the Law Division judge should vacate the award because the arbitrator exceeded his power in issuing an award involving a non-negotiable — and thus non-arbitrable — issue. The PBA contended the County waived the negotiability issue by failing to file a timely scope petition with PERC. The judge determined the arbitrator erred in refusing to consider the negotiability issue on the basis that the County had not filed a scope petition with PERC. The judge found the "non-negotiability" argument was raised by the County in the arbitration, and that the arbitrator should have "address[ed] the In re Local 195[, IFPTE v. State, 88 N.J. 393 (1982)] factors" and "weigh[ed] the interests of the parties as required by that controlling precedent."

Performing that analysis herself, the judge found the challenged decision, a 2019 special order by the Sheriff reassigning the duties of transporting inmates from correction officers to sheriff's officers, was a non-negotiable, and therefore non-arbitrable, subject under the three-part In re Local 195 test. See 88 N.J. at

4

403-04. The judge accordingly entered an order vacating the award. The PBA's motion for reconsideration was denied.

The PBA appeals, arguing the Law Division was without jurisdiction to rule on the negotiability issue, the County waived its right to obtain that determination from PERC, and the judge erred in finding the issue non-negotiable under In re Local 195. The County contends it had no obligation to negotiate whether corrections officers or sheriff's officers would be assigned transportation duties by the Sheriff, who oversees both categories of County employees, and thus the court was correct to find the arbitration award should be vacated, as the subject was not arbitrable.

The County also argues that "[w]hile the authority on this issue suggests that the issue of negotiability is one left for PERC[,] there is no authority that prevents a party from challenging negotiability [in] court, if a scope of negotiability [petition] is not filed pre-arbitration." It contends that PERC's refusal to accept a directly-filed scope petition post-arbitration does not alter the fact that the arbitrator lacked the authority to treat the matter as an arbitrable grievance in the first place, making the award subject to vacation on the basis that the arbitrator exceeded his powers under N.J.S.A. 2A:24-8(d) and Newark Council 21.

A-3533-19

It is clear to us we have nothing to review in this appeal. Our Supreme Court has again reminded recently that PERC is "the forum for the initial determination of whether a matter in dispute is within the scope of collective negotiations." Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 614 (2020) (quoting State v. State Supervisory Emps. Ass'n, 78 N.J. 54, 83 (1978)). We cannot review the correctness of the trial court's decision as to the negotiability of this issue,[1] and the trial court did not decide anything else.

What obviously should have occurred here is that the County should have filed its scope petition pursuant to N.J.A.C. 19:13-2.1 before proceeding to arbitration and the arbitrator rendering his award. Although PERC's regulations do not require a scope petition to be filed before arbitration, Ridgefield Park would suggest that is the preferred procedure. See 78 N.J. at 154. PERC clearly has the authority to suspend an arbitration proceeding while it considers a scope

---

[1] Although we are aware the Court in Board of Education of Township of Bernards v. Bernards Township Education Ass'n, 79 N.J. 311, 317-18 (1979), declined to remand a negotiability issue to PERC and decided the issue itself, the circumstances were very different. First, PERC had decided the same issue in a prior proceeding. Id. at 317. Second, and perhaps more important, PERC was participating as amicus curiae in the case and asserted a remand to the Commission "would not add anything as this Court already has the benefit of PERC's thinking on the subject." Id. at 317-18. There is no indication PERC has addressed this issue previously and, of course, PERC is not participating in this matter.

of negotiability question.  Id. at 155.  Short of that, the County should have done as PERC suggested in its 1983 Ocean Township decision, the case it referenced in its letter to County counsel directing the County to withdraw its scope petition post arbitration.

The County should have asked the Law Division judge to transfer the scope of negotiations question to the Commission for resolution.  Even absent such request, the judge should have declined to decide the negotiability question and referred that dispute to PERC.  See Newark Council 21, 320 N.J. Super. at 17; Bd. of Educ. of Plainfield v. Plainfield Educ. Ass'n, 144 N.J. Super. 521, 525-27 (App. Div. 1976).  Although the PBA argues the County should be estopped from raising non-negotiability now by having failed to file a scope petition sooner, it has not brought a case to our attention so holding, and our courts have permitted claims of non-arbitrability to be raised after an arbitration award.  See, e.g., Paterson Police PBA Local No. 1 v. City of Paterson, 87 N.J. 78, 84 (1981); Newark Council 21, 320 N.J. Super. at 17.  The union's reliance on Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) is misplaced as the County raised non-negotiability both in the arbitration and in the Law Division.

Because we conclude the preservation of PERC's primary jurisdiction over scope of negotiations issues requires transfer of the scope issue in this case to

7

PERC, we vacate the Law Division's order and transfer the matter to PERC for resolution of that issue. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION