SHOP-RITE OF HUNTERDON COUNTY, INC., PLAINTIFF-APPELLANT, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF RARITAN, COUNTY OF HUNTERDON, NEW JERSEY, AND ROBERT A. YARD, DEFENDANTS-RESPONDENTS.

SHOP-RITE OF HUNTERDON COUNTY, INC., PLAINTIFF-RESPONDENT, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF RARITAN, COUNTY OF HUNTERDON, NEW JERSEY, AND ROBERT A. YARD, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 18, 1974—Decided December 9, 1974.

Before Judges LEONARD, SEIDMAN and BISCHOFF.

*Mr. Lee B. Roth* argued the cause for plaintiff Shop-Rite of Hunterdon County, Inc. (*Mr. Daniel E. Knee* on the brief).

*Mr. Richard G. Jefferson* argued the cause for defendant Township Committee of the Township of Raritan, County of Hunterdon, New Jersey (*Messrs. Jefferson, Jefferson & Vaida,* attorneys).

*Mr. Edmund H. Bernhard* argued the cause for defendant Robert A. Yard (*Messrs. Herr & Fisher,* attorneys).

*Mr. William F. Hyland,* Attorney General of New Jersey, filed a statement in lieu of brief on behalf of Division of Alcoholic Beverage Control (*Mr. David S. Piltzer,* Deputy Attorney General, of counsel).

The opinion of the court was delivered by

BISCHOFF, J. A. D. These two consolidated appeals present procedural questions arising out of plaintiff Shop Rite's unsuccessful application for a plenary retail distribution license.

Defendant Township of Raritan, Hunterdon County (hereafter township), by ordinance passed June 26, 1972, authorized the issuance of one plenary retail distribution license. Approximately 20 applications were received for this one license, including applications from plaintiff and defendant Yard. The license was issued to Yard and plaintiff filed an appeal to the Director of the Division of Alcoholic Beverage Control (hereafter Director). Counsel for defendants township and Yard on that appeal moved to dismiss on the ground

that the appeal was filed out of time. After argument the hearing officer recommended that the appeal be dismissed and the action of the township affirmed. The Director concurred and ordered the appeal dismissed. Plaintiff appeals from that order.

While the appeal was pending before the Director plaintiff filed a complaint in lieu of prerogative writs (1) seeking a review of the denial of its application for a license and the award of the license to it, (2) attacking as illegal the fundamental procedure followed by the governing body in the consideration of all applications, and (3) challenging the validity of a condition imposed by the township that a licensee retain its license for a period of five years. The wording of this complaint is identical to the wording of a petition filed with the notice of appeal to the Director.

Defendants in the in lieu proceeding (who are the same as in the appeal pending before the Director) moved to dismiss the complaint for lack of jurisdiction, and plaintiff moved for summary judgment. Both motions were denied. We granted defendants leave to appeal from that order, and both appeals were consolidated.

Turning first to the appeal from the order of the Director, we note that the notice of appeal to the Director was dated May 16, 1973. The basis of the dismissal of plaintiff's appeal was that it had not been filed within 30 days after issuance of the license to Yard. This issue was raised prior to the start of the hearing on motion and the decision on it terminated the appeal without any hearing on the merits. The statute establishing the time period within which an appeal should be taken is *N. J. S. A.* 33:1–22 and provides in applicable part as follows:

If the other issuing authority shall refuse to issue any license * * * the applicant shall be notified forthwith of such refusal by a notice served personally upon the applicant, or sent to him by registered mail addressed to him at the address stated in the application. Such applicant may within 30 days after the date of service or of mailing of such notice * * * appeal to the director from the action of the issuing authority.

If the other issuing authority shall issue a license * * * any taxpayer or other aggrieved person opposing the issuance of such license may, within 30 days after the issuance * * * appeal to the director from the action of the issuing authority * * *.

The license was awarded to Yard at a meeting of the township council on March 26, 1973. It is undisputed that plaintiff was never formally notified in person or by registered mail of the award to Yard. However, the Director found it significant that plaintiff was notified by certified mail that the license would be awarded to one of the applicants on March 26; that plaintiff attended the meeting and was aware of the award, and that plaintiff's deposit of $2,000, which accompanied its application for the license, was returned April 11, 1973.

The Director found that these facts constituted "functional performance" with the notice provision of the statute, depriving him of jurisdiction to hear the appeal, and he entered the order of dismissal.

Defendant makes the ingenious argument that since there was only one license to grant, its award to Yard does not constitute a refusal to issue a license to plaintiff; that there was an inability on the part of the township to grant plaintiff's application, and that plaintiff accordingly became simply "a taxpayer or other aggrieved person opposing the issuance of the license" to Yard and the 30-day appeal time started to run against plaintiff on March 26, 1973, without formal notification. Defendant relies on the case of *Hess Oil & Chemical Crop. v. Doremus Sports Club*, 80 *N. J. Super.* 393 (App. Div. 1963), as authority for this argument.

Plaintiff here occupied a dual status. It was an applicant for the one available license and at the same time was naturally opposed to its issuance to any other applicant, even though it did not voice any objections to the issuance of the license to Yard or any other applicant other than to advance its own position.

The Legislature never envisioned this exact situation and the statute is vague and imprecise in its application to

it. The statute does, in mandatory terms, require a notice of refusal to issue a license to be served either personally on an applicant or by registered mail. Unquestionably, neither alternative was followed here. We feel that plaintiff's status is such that the issuance of the one available license to Yard can be equated with a refusal to issue a license to plaintiff.

We conclude that plaintiff's notice of appeal was not out of time. We recognize that the effect of our holding is to permit a challenge to the issuance of a license more than 30 days thereafter. This result is compelled by the statute's inherent ambiguity when applied to this unique fact pattern. The entire matter is accordingly remanded to the Director for the conduct of a *de novo* hearing. The Director is to make the necessary factual and legal determination on the record and to determine whether the exercise of judgment by the township in awarding the license was reasonable. *Fanwood v. Rocco*, 33 *N. J.* 404, 414 (1960).

While plaintiff in its appeal to the ABC sought an order directing the township to issue the license to it, it conceded at oral argument that this relief was not available. We agree, for if plaintiff is successful in its appeal to the ABC, the only relief available under the circumstances of this case will be a remand to the township for further proceedings.

Plaintiff's action in lieu of prerogative writs charged the township with improper procedure in consideration of the applications in the following respects:

1) The sessions in which the applications were considered by the township council were not open to the public but were conducted in secret;

2) Township council did not follow the procedures for consideration of the applications which it had established, published and stated it would follow;

3) The voting procedures used by the council were improper;

4) An impermissible conflict of interest existed between council members and some of the applicants, and

5) There was a violation of the "Right to Know Law," *N. J. S. A.* 10:4–1 *et seq.*

Defendants moved to dismiss the complaint and plaintiff moved for summary judgment on the complaint. Both motions were heard at the same time and the trial judge denied both. Defendants, on this appeal, contend that the trial judge was in error, that plaintiff's sole recourse from the action of the township was by way of appeal to the Director pursuant to *N. J. S. A.* 33:1–22 and *N. J. S. A.* 33: 1–38, and that the complaint should be dismissed.

The appeal to the Director provided by the statutes cited is the exclusive remedy available to plaintiff under the circumstances of this case. The Director has the statutory duty to hear and conduct all appeals provided for by the Alcoholic Beverage Law, and to render written decisions, stating conclusions and reasons therefor upon each matter so appealed. *N. J. S. A.* 33:1–38.

Plaintiff, having this statutory right of appeal, may not maintain a separate action in lieu of prerogative writs on the same facts seeking the same relief. *R.* 2:2–3(a). *R.* 4:69–1. *Cf. Pfleger v. N. J. State Highway Dep't,* 104 *N. J. Super.* 289 (App. Div. 1968); *DeNike v. Bd. of Trustees, State Emp. Retirement System,* 62 *N. J. Super.* 280 (App. Div. 1960), aff'd 34 *N. J.* 430 (1961); *Colon v. Tedesco,* 125 *N. J. Super.* 446 (Law Div. 1973); *Marranca v. Harbo,* 76 *N. J. Super.* 429 (Law Div. 1962), mod. 41 *N. J.* 569 (1964).

Nor do we find merit in plaintiff's contention that the provision of *N. J. S. A.* 10:4–5 confers a right to be heard in the first instance in the Superior Court. That section of the "Right to Know Law" provides:

Official action taken in violation of the requirements of this act shall be voidable in a proceeding in the Superior Court.

We do not read that statute as creating an exclusive remedy in the Superior Court for any violation of it, or as depriving the Director of the power to consider an alleged violation of it in his determination of an appeal from the action of a township. Plaintiff has a right to a review by way of appeal in the Superior Court, Appellate Division. *R.* 2:2–3(a).

For the foregoing reasons we hold that the action of the Director in the case of *Shop-Rite of Hunterdon County, Inc., v. Township Committee of the Township of Raritan, County of Hunterdon, New Jersey, and Robert A. Yard,* Docket A–959–73, is reversed and the matter is remanded for further proceedings consistent herewith. We further hold that the action of the trial judge in the case of *Shop-Rite of Hunterdon County, Inc., v. Township Committee of the Township of Raritan, County of Hunterdon, New Jersey, and Robert A. Yard,* Docket A–2084–73, in denying defendant's motion to dismiss plaintiff's complaint is reversed and judgment is entered dismissing the complaint.