171 N.J. Super. 184 (1979)
408 A.2d 446
SONDRE SUKIN, PLAINTIFF-APPELLANT,
v.
NORTHFIELD BOARD OF EDUCATION AND JAMES HIGHBERGER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1979.
Decided November 13, 1979.
*185 Before Judges CRANE, MILMED and KING.
Mr. Robert M. Schwartz argued the cause for appellant.
Mr. Daryl F. Todd argued the cause for respondents (Messrs. Previti, Todd & Gemmel, attorneys; Mr. Michael J. Fitzgerald on the brief).
*186 Mr. Alfred E. Ramey, Jr., Deputy Attorney General, argued the cause for Commissioner of Education, amicus curiae (Mr. John J. Degnan, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by CRANE, P.J.A.D.
Plaintiff appeals from that portion of a final judgment of the Chancery Division which dismissed the third count of her complaint which alleged that the defendant board of education violated the Open Public Meetings Act, N.J.S.A. 10:4-6 et seq.
Plaintiff was formerly employed as a principal of a school by the Northfield Board of Education. After the board decided not to continue her employment in that position she sought relief before the Chancery Division. The trial judge severed the first, second and fifth counts of plaintiff's complaint and transferred them to the Commissioner of Education. Those counts dealt with allegations of violations of N.J.S.A. 18A:6-10, 18A:27-10 et seq. and a denial of her right to a fair hearing. The fourth count, which dealt with alleged defamation, was severed and transferred to the Law Division.
The Chancery Division judge based his dismissal of the third count on his conclusion that the two meetings of the board of education held on June 22 and July 17, 1978 were held in conformity with the Open Public Meetings Act and that they cured any alleged defect in or violations at prior meetings as remedial action taken pursuant to N.J.S.A. 10:4-15.
We reverse, not because we disagree with the reasoning of the trial judge but for other reasons which are expressed below. Indeed, we have not considered the validity of his conclusions and express no opinion with regard to them.
By virtue of the provisions of N.J.S.A. 10:4-15, any action taken by a public body which does not conform to the Open Public Meetings Act is reviewable in the Superior Court in *187 an action in lieu of prerogative writs. That section, however, was not intended to confer exclusive jurisdiction in the Law Division or the Chancery Division. We have held that where an administrative agency of the State has primary jurisdiction to determine the underlying controversy between the parties, a trial judge should not undertake to decide the issues presented under the Open Public Meetings Act but should refer those issues to the appropriate administrative agency. Asbury Park Bd. of Ed. v. Asbury Park Ed. Ass'n, 155 N.J. Super. 76, 78 (App.Div. 1977). cf. Patrolmen's Benev. Ass'n v. Montclair, 70 N.J. 130, 135 (1976); Shop-Rite of Hunterdon Cty. v. Raritan Tp., 131 N.J. Super. 428, 434 (App.Div. 1974), certif. den. 67 N.J. 94 (1975).
The Commissioner of Education has complete power to hear and determine all controversies and disputes arising under the school laws. N.J.S.A. 18A:6-9. We are equally satisfied that the Commissioner has additional incidental jurisdiction to determine issues arising under the Open Public Meetings Act as they relate to controversies under the school laws. See Winston v. South Plainfield Bd. of Ed., 125 N.J. Super. 131, 145 (App.Div. 1973), aff'd 64 N.J. 582 (1974). After the Commissioner has acted, further review may be sought by way of appeal to the Appellate Division pursuant to R. 2:2-3(a)(2) and R. 2:5-1(e). In that manner the authority of the Commissioner as well as the prerogative writ jurisdiction conferred upon the Superior Court by N.J.S.A. 10:4-15 may both be fully exercised. See East Brunswick Tp. Bd. of Ed. v. East Brunswick, 48 N.J. 94 (1966).
That portion of the judgment of the Chancery Division which determined the issues raised by count three of plaintiff's complaint is reversed. Count three is transferred to the Commissioner of Education for his consideration and decision. We do not retain jurisdiction.