259 N.J. Super. 340 (1992)
613 A.2d 492
C.S., A MINOR CHILD, BY HIS PARENTS, R.S. AND M.S., PETITIONERS-APPELLANTS,
v.
MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 16, 1992.
Decided September 30, 1992.
*341 Before Judges KING, BRODY and LANDAU.
Herbert D. Hinkle, attorney for appellants.
Kalac, Newman, Lavender & Campbell, attorneys for respondent Middletown Township Board of Education (Peter P. Kalac, on the brief).
Robert J. Del Tufo, Attorney General, attorney for respondent New Jersey Department of Education (Marlene Zuberman, Deputy Attorney General, on the letter brief).
The opinion of the court was delivered by BRODY, J.A.D.
We granted C.S. leave to appeal from a pre-hearing order of an Administrative Law Judge (ALJ). C.S. brought this action pursuant to 20 U.S.C.A. § 1415(b)(2) of the Individuals *342 with Disabilities Education Act (IDEA), 20 U.S.C.A. §§ 1401-85. In New Jersey, IDEA has the effect of investing the Office of Administrative Law with original jurisdiction to hear disputes respecting the education of mentally disabled children. C.S., by his parents, brought the action to determine the school in which he is to be enrolled. He is presently enrolled in a public school class of mentally disabled children. His parents wish to enroll him in an unaccredited private school where he would be with children who are not mentally disabled.
The appeal is from the ALJ's interlocutory order in which he ruled that the legal obligation to educate C.S. may not be satisfied by enrolling him in an unaccredited school.
On further consideration we conclude that we are without jurisdiction to hear an appeal from the determination of an ALJ in an IDEA action. Such appeals must be taken "in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy." 20 U.S.C.A. § 1415(e)(2). See e.g., Oberti v. Board of Education, 801 F. Supp. 1392 (D.N.J. 1992). That paragraph of IDEA further provides, "In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."
Although the Appellate Division is a "State court," it is not an appropriate forum for receiving disputed evidence, which may include testimony, upon which it must make de novo findings of fact. Even where it first appears that the appellate tribunal is being called upon to determine only a legal issue, there often arises the need to make preliminary findings of disputed facts. Therefore, appeals from an Administrative Law Judge's orders entered in actions brought under IDEA must first be taken in a trial court, either the Superior Court, Law *343 Division, sitting without a jury, or the United States District Court.
Our Rules of Court do not cover this kind of case. Procedurally, however, it is similar to appeals, including interlocutory appeals, taken from municipal courts to the Law Division, where factual and legal matters are decided de novo. A party may "seek leave to appeal to the Superior Court, Law Division from an interlocutory order entered before trial by a court of limited criminal jurisdiction." R. 3:24(a). See State v. O'Keefe, 135 N.J. Super. 430, 434, 343 A.2d 509 (Law Div. 1975). Such a motion "shall be taken within 10 days after the entry of such order...." R. 3:24(c). Similarly, a motion for leave to appeal from a pre-hearing order entered by an Administrative Law Judge in an action brought under IDEA shall be taken within ten days after entry of the order.
We vacate our order granting leave to appeal and deny the motion. C.S. may move for leave to appeal the interlocutory order of the Administrative Law Judge within ten days of the filing of this opinion. The motion may be made either in the Superior Court, Law Division or in the United States District Court.