816 A.2d 1056

HASBROUCK HEIGHTS BOARD OF EDUCATION, PLAINTIFF–APPELLANT, v. W.J., AND N.J. O/B/O MINOR CHILD D.J., DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted November 6, 2002—Decided March 4, 2003.

Before Judges WALLACE, JR., CIANCIA and HOENS.

*Schwartz, Simon, Edelstein, Celso and Kessler*, attorneys for appellant (*Allan P. Dzwilewski*, on the brief).

*Callahan and Fusco*, attorneys for respondents (*Beth A. Callahan*, on the brief).

The opinion of the court was delivered by

HOENS, J.A.D.

This matter arises out of a dispute between respondents W.J. and N.J., the parents of D.J., and appellant, Hasbrouck Heights Board of Education. D.J. has been diagnosed as having Pervasive Developmental Disorder (PDD) and is classified for educational purposes as having Autistic Spectrum Disorder. As such, he is eligible for special educational services and has been so classified by the Hasbrouck Heights Child Study Team (CST).

Following the appropriate evaluation, the parties participated in an Individualized Education Program (IEP) meeting. At that meeting W.J. and N.J. agreed to the program components included in the IEP but refused to consent to the placement of D.J. in a class operated by the South Bergen Jointure Commission (SBJ).[1] W.J. and N.J. notified the school district that the SBJ program was inappropriate for their child and that they wanted their child placed in the EPIC school. EPIC is a private, not-for-profit school which is approved by the State of New Jersey for educating children with autism. The school district did not agree to place D.J. in the EPIC school, but offered the placement at SBJ. W.J. and N.J. then arranged for D.J. to be enrolled at EPIC where he has been receiving an education at their expense throughout the pendency of this matter. W.J. and N.J. then proceeded to seek reimbursement for their unilateral placement of D.J. at EPIC, *N.J.A.C.* 6A:14–2.10, and pursued their due process rights through the Department of Education. *N.J.A.C.* 6A:14–2.7. Following a hearing, they secured a final decision from an Administrative Law Judge (ALJ) which was favorable to them. That opinion included the following statement:

> This decision is final pursuant to 20 *U.S.C.A.* § 1415(i)(1)(A) and 34 *C.F.R.* § 300.509 and is appealable by filing a complaint and bringing a civil action either in the Superior Court of New Jersey or in a District Court of the United States. 20 *U.S.C.A.* § 1415(i)(2), 34 *C.F.R.* § 300.511.

The appellant Board of Education then filed an action in the Superior Court, Law Division, seeking review of the decision of the ALJ which had been favorable to the parents of the child. W.J. and N.J. filed a counterclaim seeking enforcement of the decision of the ALJ, together with fees and costs. The parties filed cross-motions for summary judgment in the Law Division action. On the return date of the cross-motions, the Law Division judge declined to address the merits of the dispute and entered an

---

[1] The Hasbrouck Heights School District is a member of the SBJ Commission. A jointure commission is a public entity created by two or more boards of education for the purpose of complying with their statutory duties to provide educational services to disabled students. *N.J.S.A.* 18A:46–25.

order transferring the dispute to the Appellate Division. The judge did not include any statement of reasons for the entry of the order. We now reverse that order and remand this matter for a plenary hearing.

The rights of students with learning disabilities arise in general from federal law, now embodied in the Individuals with Disabilities Education Act (IDEA), 20 *U.S.C.* § 1401 *et seq.; see Lascari v. Board of Educ.*, 116 *N.J.* 30, 33–34, 560 *A.*2d 1180 (1989) (construing predecessor federal act). The federal act, IDEA, includes specific provisions guaranteeing a due process hearing, 20 *U.S.C.* § 1415(f)(1), and permitting an appeal from that decision, consistent with state law, through the State educational agency, 20 *U.S.C.* § 1415(g). IDEA also provides, however, for the further right to secure review of the final agency decision as follows:

(2) Right to bring civil action

(A) In general

Any ... party aggrieved by the findings and decision under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. [20 *U.S.C.* § 1415(i)(2) ].

The right to pursue relief following an administrative determination as specified in IDEA is, by the terms of the statute itself, a right to do so by initiating a civil action. *Ibid.*

The review to which an aggrieved party is entitled under IDEA is therefore defined by the terms of the statute itself. The civil action remedy created by IDEA must include receipt and review of "the records of the administrative proceedings," *id.* at § 1415(i)(2)(B)(i), and consideration of "additional evidence at the request of a party." *Id.* at § 1415(i)(2)(B)(ii). The review to which the parties are entitled, moreover, requires that the state court "bas[e] its decision on the preponderance of the evidence." *Id.* at § 1415(i)(2)(B)(iii).

We have previously held that disputes of this type arising under an earlier version of IDEA shall be heard in the trial courts in the first instance. *C.S. v. Middletown Township Board of Educ.*, 259

*N.J.Super.* 340, 342–43, 613 *A.*2d 492 (App.Div.1992). As we held in *C.S.*, the statutory right to pursue a "civil action" is a right to a proceeding which falls within the jurisdiction of the trial court, rather than this court. *Id.* at 342–43, 613 A.2d 492. While the federal statute has been revised and recodified in the time since we decided *C.S.*, the operative provisions which create the state court remedy remain essentially the same for purposes of deciding where this dispute should be heard.

The statutory requirements governing the right to a remedy by way of a civil action created in IDEA contemplate a proceeding unlike an appeal and inappropriate for consideration in the first instance by the Appellate Division. Even in circumstances where the parties believe that the only matters to be decided are legal issues, "there often arises the need to make preliminary findings of disputed facts." *Id.* at 342, 613 A.2d 492. While commonly referred to as appeals, therefore, the proceeding is not one which proceeds only upon the record compiled before the agency, but one which affords the opportunity for the creation of a broader record for analysis by the trier of fact. Therefore, disputes such as this one, arising out of the decision of the ALJ pursuant to the provisions of IDEA, "must first be taken in a trial court." *Ibid.*

We therefore reverse the January 4, 2001 order of the Law Division transferring this matter to this court and remand this matter to the Law Division for further proceedings. We do not retain jurisdiction.