945 A.2d 125 (2008)
399 N.J. Super. 595
BOARD OF EDUCATION OF the LENAPE REGIONAL HIGH SCHOOL DISTRICT, BURLINGTON COUNTY, Petitioner-Appellant
v.
NEW JERSEY STATE DEPARTMENT OF EDUCATION, OFFICE OF SPECIAL EDUCATION PROGRAMS, Respondent-Respondent, and
A.M., on Behalf of Minor Child, P.M., Intervenor-Respondent.
Docket No. A-4860-06T3.
Superior Court of New Jersey, Appellate Division.
Argued March 10, 2008.
Decided April 22, 2008.
*126 Mark G. Toscano, argued the cause for appellant (Comegno Law Group, attorneys, Morristown; Arthur F. Risden, Susan S. Hodges and Stephanie A. Gannon, Haddonfield, on the brief).
Melissa T. Dutton, Deputy Attorney General, argued the cause for respondent (Anne Milgram, Attorney General, attorney; Patrick DeAlmeida, Assistant Attorney General, of counsel and on the brief; Ms. Dutton, on the brief).
Elizabeth Athos, Jersey City, argued the cause for intervenor-respondent (Education Law Center, attorneys, Newark; Ms. Athos, of counsel and on the brief).
Before Judges S.L. REISNER, GILROY and BAXTER.
The opinion of the court was delivered by S.L. REISNER, J.A.D.
Petitioner Lenape Regional High School District Board of Education (School Board or petitioner) appeals from an April 4, 2007 decision of the State Board of *127 Education (agency or State Board), affirming a decision of the Commissioner of Education dismissing petitioner's appeal from a final investigation decision of the Office of Special Education Programs. We affirm.

I.
The appeal before us presents one narrow issue: whether a school district may appeal to the Commissioner of Education from an investigation decision of the Office of Special Education Programs (OSEP). The two sub-issues are whether the agency has correctly construed the Department of Education's regulation, N.J.A.C. 6A:14-9.2(c), as giving OSEP authority to issue final decisions in these cases, and if so, whether the agency may lawfully delegate to OSEP the final decision-making authority.
The complicated procedural history of this case is set forth in detail in the June 27, 2006 initial decision of Administrative Law Judge Jeffrey Masin, and need not be repeated here. In brief, the parents of two students filed complaints against the School Board with OSEP, alleging violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C.A. § 1400 et seq. OSEP resolved the complaints in the students' favor. The School Board sought to appeal the OSEP decisions to the Commissioner, who eventually transmitted the issue of her jurisdiction to the Office of Administrative Law (OAL) for an initial decision.[1] Judge Masin concluded that under the Department's regulations, OSEP was authorized to render a final decision on an IDEA complaint investigation, and that an administrative appeal to the Commissioner was not available. The Commissioner adopted the initial decision and the State Board affirmed the Commissioner's decision.
The School Board's appellate brief does not identify any material disputes of fact requiring an evidentiary hearing, as to any of the OSEP complaint investigations. In its statement of facts, the School Board takes issue with the thoroughness of OSEP's investigations and with the conclusions OSEP drew from the investigations, but none of those contentions are developed in the legal argument section of its brief. Therefore, in deciding this appeal we will only address the jurisdictional issue and not the merits of OSEP's decisions.

II
We begin by briefly reviewing the purpose of the Individuals with Disabilities Education Act. As explained in Beth V. v. Carroll, 87 F.3d 80, 82 (3rd Cir.1996),
IDEA, originally enacted in 1970 as the Education of the Handicapped Act (EHA), Pub.L. No. 91-230, §§ 601-662, 84 Stat. 175, confers on disabled children a substantive right to a "free appropriate public education." 20 U.S.C. § 1400(c); that free appropriate education "consists of educational instruction specially designed to meet the unique needs of the [disabled] child, supported by such services as are necessary to permit the child `to benefit' from the instruction." Under IDEA, a disabled student is entitled to an Individualized Education Plan (IEP), a specially tailored educational program detailing the student's present abilities, educational goals, and specific services designed to achieve those goals within a stated timeframe. See 20 U.S.C. § 1401(a)(20).
IDEA places on the states the primary responsibility for satisfying the *128 goals of the statute. IDEA, described by several courts as a model of "cooperative federalism," authorizes federal funding for states providing the special education that the statute requires, but funding is contingent on state compliance with its array of substantive and procedural requirements, 20 U.S.C. § 1412.
[Id. at 82 (citations omitted).]
See also In re Adoption of Amendments to N.J.A.C. 6:28-2.10, 305 N.J.Super. 389, 394, 702 A.2d 838 (App.Div.1997).
In order to ensure the children's right to the educational benefits required by IDEA, the statute gives their parents two alternative means of seeking redress for violations of the statute. They can request a due process hearing, which entails a full-fledged adjudicatory proceeding, or they can file an administrative complaint with the designated state education agency, which must investigate and issue a decision within sixty days.[2]See 34 C.F.R. § 300.152.[3]
[T]he current [federal] regulations, like the preceding regulations, require the state agency to have procedures for the receipt and resolution of such complaints and impose a time limit (60 days since 1980) for the state to carry out "an independent on-site investigation," if necessary, with an extension beyond the 60 calendar days, "only if exceptional circumstances exist with respect to a particular complaint." See, e.g., 300 C.F.R. § 330.661 (1995); 45 C.F.R. §§ 100b.780-.781 (1980). The current regulations not only require the state educational agency to conduct any necessary investigation of a complaint, but also require that the state's complaint resolution procedures permit complainants to submit additional information, and that the state educational agency review all relevant information and issue a written decision addressing all allegations. 34 C.F.R. § 300.661 (1995). The state educational agency must also adopt, where necessary, "procedures for effective implementation" of its final decisions, including "corrective actions to achieve compliance." § 300.661(c).
[Beth V. v. Carroll, supra, 87 F.3d at 82-83.]
See also Lucht v. Molalla River Sch. Dist, 225 F.3d 1023, 1028-1029 (9th Cir.2000), quoting Comment to CRP Regs., 64 Fed. Reg. 12406 (1999)("The [complaint resolution procedure of IDEA] is designed to provide `parents and school districts with mechanisms that allow them to resolve differences without resort to more costly and litigious resolution through due process.'").
New Jersey has adopted a statute and regulations to comply with IDEA. "New Jersey's election to participate in the federal program to help finance the education of children with disabilities `is reflected *129 in state statutes, N.J.S.A. 18A:46-1 to -46, and regulations, N.J.A.C. [now 6A:14-1.1 to -10.2].' The New Jersey response to the requirements of the IDEA is primarily regulatory." Baer v. Klagholz, 339 N.J.Super. 168, 189, 771 A.2d 603 (App.Div.) (quoting Lascari v. Board of Educ, 116 N.J. 30, 34, 560 A.2d 1180 (1989)), certif. denied, 170 N.J. 84, 784 A.2d 717 (2001).
New Jersey's regulations designate OSEP, which is part of the State Department of Education (Department), as the entity to receive and investigate complaints under IDEA. See N.J.A.C. 6A:14-9.2. As required by the federal IDEA regulations, 34 C.F.R. § 300.152, OSEP must investigate and decide those complaints within sixty days. N.J.A.C. 6A:14-9.2(c) and (e). The issue raised here is whether, once OSEP issues a decision, a school district may appeal that decision to the Commissioner of Education.
There is no dispute that, in general, the Commissioner has broad authority to hear and decide disputes arising under the school laws:
The commissioner shall have jurisdiction to hear and determine, without cost to the parties, all controversies and disputes arising under the school laws, excepting those governing higher education, or under the rules of the state board or of the commissioner.
[N.J.S.A. 18A:6-9.]
See also N.J.A.C. 6A:2-1.2(a).
The School Board bases its claim on this statutory provision, as well as a section of the agency's IDEA regulations pertaining to appeals from monitoring reports and findings of noncompliance with compliance plans. N.J.A.C. 6A:14-9.1(h). Subsection (h) is part of a regulation dealing with the Department's institutional review of a school district's compliance with IDEA, as opposed to adjudication of individual complaints:
§ 6A: 14-9.1 Monitoring and corrective action
(a) The Department of Education shall monitor all programs and services required by this chapter for compliance with New Jersey statutes, the New Jersey Administrative Code, the approved special education plan and Federal requirements under the Individuals with Disabilities Education Act (IDEA).
1. The monitoring process shall include, but is not limited to, review of:
i. Provision of a free, appropriate public education in the least restrictive environment;
ii. Provision of transition services; and
iii. Disproportionate representation of racial and ethnic groups in special education and related services, to the extent such representation is the result of inappropriate identification.
(b) The monitoring procedures may include, but are not limited to:
1. A self-assessment conducted by the program being monitored;
2. Review of data, reports and student records;
3. On-site visits;
4. Comparison of a sample of individualized education programs with the programs and services provided;
5. Development of an improvement plan by the program being monitored to address areas of noncompliance identified during the self-assessment; and
6. Audit of Federal and State funds.
[N.J.A.C. 6A:14-9.1(a) and (b).]
We agree with the State Board that, taken in context, the right of appeal created by subsection (h) relates to the disapproval of a district's improvement plan or *130 its compliance with the plan, and not to individual complaints:
(f) The Department of Education shall review the improvement plan and notify the agency if it is acceptable.
(g) When an improvement plan is hot submitted, found unacceptable or not implemented, the Department of Education shall notify the agency of the actions that it intends to take.
(h) An appeal of the denial of approval of an improvement plan, imposition of sanctions or determination of noncompliance may be made to the Commissioner of Education according to N.J.A.C. 6A:3.
[N.J.A.C. 6A:14-9.1(f)-(h).]
By contrast, N.J.A.C. 6A:14-9.2 specifically authorizes OSEP to investigate complaints and to issue the final decision on those complaints:
§ 6A:14-9.2 Complaint investigation
(a) The State Director of the Office of Special Education Programs or designee(s) shall be responsible for reviewing, investigating and taking action on any signed written complaint regarding the provision of special education and related services covered under this chapter, (b) An organization or individual may request a complaint investigation by simultaneously submitting a written signed request to the State Director of the Office of Special Education Programs and to the educational agency against which the complaint is directed. The complaint shall include:
1. A statement that a public or private education agency has violated the requirements of State and/or Federal statute and/or regulation for the provision of special education and related services;
2. The facts on which the statement is based; and
3. The time period when the alleged violation occurred.
i. The complainant shall allege a violation that occurred not more than one year prior to the date that the complaint is received.
(c) The Office of Special Education Programs shall, if deemed necessary, complete an investigation within 60 calendar days after receipt of the written signed complaint and issue a report setting forth a final decision with respect to the complaint, unless the time period is extended according to (c)6 below.
[N.J.A.C. 6A:14-9.2(a)-(c) (emphasis added).]
The regulation does not provide for a right of further administrative appeal beyond OSEP. However, it does permit a party to file a request to OSEP, within fifteen days of the original decision, for reconsideration of its decision. N.J.A.C. 6A:14-9.2(c)(1).
In 2005, the State Board of Education proposed amendments to N.J.A.C. 6A:14-9.2(c), which would have included a provision that "if either party does not agree with the decision in [OSEP's] final report, the party may file an appeal pursuant to N.J.A.C. 6A:3 [governing appeals to the Commissioner]." 37 N.J.R. 4629(a). However, the proposed amendment was not adopted. Instead, in 2006, the State Board adopted the rule in its current form, which does not provide for a right of appeal to the Commissioner pursuant to N.J.A.C. 6A:3, and instead provides only for a right to file a motion with OSEP for reconsideration.
If a party believes that a final decision includes an error that is material to the determination in the decision, the party may inform the Office of Special Education Programs and the other party in writing, within 15 days of the date of the report. The letter shall identify the asserted error and include any documentation to support the claim. The Office of Special Education Programs *131 will determine the appropriate steps to consider the claim of error after receipt of the letter.
[N.J.A.C. 6A:14-9.2(c)(1).]
The history of the current rule indicates that the agency redrafted the previously proposed rules in 2006. See 38 N.J.R. 2253(a). A comment to the 2006 proposal explained that "a provision is added [to N.J.A.C. 6A:14-9.2(c)] allowing parties, within 15 days of issuance of the final report, to allege an error material to the determination in the report, and providing that appropriate steps will be taken upon receipt of any such allegations submitted in a timely manner." Ibid. This version of the rule was adopted effective September 5, 2006. See 38 N.J.R. 3530(b).
We infer from the insertion of the appeal provision in the 2005 rule proposal that the State Board did not construe the regulations as already providing for such an appeal. We also infer that in deleting the appeal provision from the version of the rules it adopted, the Board signaled its intent that the rules should not confer a right of appeal to the Commissioner. In concurring with the decisions of the Commissioner and the State Board, we are also mindful of our obligation to defer to a State agency's reasonable construction of a statute it is charged with enforcing and to the agency's interpretations of its own regulations. See Matturri v. Bd. of Trs. of the Judicial Ret. Sys., 173 N.J. 368, 381, 802 A.2d 496 (2002); Essex County Bd. of Tax. v. Twp. of Caldwell, 21 N.J.Tax 188, 197 (App.Div.), certif. denied, 176 N.J. 426, 824 A.2d 156 (2003).
We next turn to the School Board's contention that precluding review by the Commissioner will lead to an inadequate record for our review of OSEP's decisions. We conclude this issue is not ripe for our consideration, because the School Board's brief does not properly present a challenge to OSEP's decisions and does not indicate how OSEP'S investigation record would be inadequate for our review in this case. In fact, during the OAL proceedings the Board moved for summary disposition in the cases involving A.M.'s child, because there were no material facts in dispute.
Consequently, this appeal does not properly place before us the question of how OSEP creates a record, and in particular, whether under any circumstances OSEP may hold an evidentiary hearing in the event a complaint investigation reveals material disputes of fact concerning whether a school district has violated IDEA. However, we do note that the last sentence of the reconsideration provision in N.J.A.C. 6A:14-9.2(c) appears to leave to OSEP's discretion the possibility of holding an evidentiary hearing, if a reconsideration request highlights the existence of material factual disputes that cannot otherwise be resolved. See N.J.A.C. 6A:14-9.2(c)(1) ("The Office of Special Education Programs will determine the appropriate steps to consider the claim of error after receipt of the letter."). We need not decide this issue here since no material factual disputes were identified and no hearing was requested.
Finally, we address an issue inferentially raised by this appeal, namely, whether the State Board may lawfully delegate final decision-making authority to OSEP, despite the Commissioner's general statutory authority to hear and decide disputes arising under the school laws, N.J.S.A 18A:6-9. See R.H. Macy & Co. v. Dir., Div. of Tax., 77 N.J:Super. 155, 174-75, 185 A.2d 682 (App.Div.1962), aff'd o.b., 41 N.J. 3, 194 A.2d 457 (1963) (discussing delegation of decision-making authority). We conclude that such delegation is consistent with IDEA, which requires expeditious decisions on complaints. It is also *132 consistent with the State's adoption of legislation implementing IDEA, N.J.S.A. 18A:46-1 to -46, and with the State Board's statutory authority to adopt regulations necessary to implement the school laws. N.J.S.A. 18A:4-15. Adding an extra layer of review by the Commissioner would impede the agency's ability to decide complaints in sixty days as IDEA requires, and thus would be contrary to the Legislature's intent to create a statutory scheme compliant with IDEA. See Lascari, supra, 116 N.J. at 34, 560 A.2d 1180; Adoption of Amendments to N.J.A.C. 6:28-2.10, supra, 305 N.J.Super. at 394-95, 702 A.2d 838.
Moreover, authorizing OSEP to issue the final decision is consistent with the overall scheme of resolving individual complaints under IDEA. Pursuant to IDEA, 20 U.S.C. § 1415(g) and (i), even when a parent or school district receives a due process hearing, as opposed to an investigation decision from OSEP, the Commissioner does not issue the final administrative decision.[4] The due process hearing request is filed with OSEP, which transmits the matter to the Office of Administrative Law for hearing. The decision of the ALJ in those cases is the final decision at the administrative level and cannot be appealed to the Commissioner. See N.J.A.C. 6A:14-2.7(l). Rather, a party "aggrieved" by the ALJ's decision may file a civil action in the Law Division of Superior Court or in the United States District Court. See 20 U.S.C. § 1415(i)(2); Hasbrouck Heights Bd. of Educ. v. W.J., 358 N.J.Super. 8, 11, 816 A.2d 1056 (App.Div. 2003); C.S. by R.S. v. Middletown Twp. Bd. of Educ, 259 N.J.Super. 340, 342-43, 613 A.2d 492 (App.Div.1992).[5]
We, therefore, conclude that the regulation authorizing OSEP to issue a final decision following its complaint investigation, N.J.A.C. 6A:14-9.2(h), is valid, and the School Board cannot appeal OSEP's decision to the Commissioner of Education.
Affirmed.
NOTES
[1] A.M., the parent of one of the children, was permitted to intervene in the proceedings before Judge Masin and has also participated in this appeal.
[2] A school district may also request a due process hearing to resolve a dispute over a student's educational services or placement. See 20 U.S.C.A. § 1415; 34 C.F.R. § 300.507 and§ 300.508; N.J.A.C. 6A:14-2.7; Lascari v. Board of Educ., 116 N.J. 30, 37, 560 A.2d 1180 (1989); In re Adoption of Amendments to N.J.A.C. 6:28-2.10, supra, 305 N.J.Super. at 395, 702 A.2d 838. The intervenor contends that a school district's right to a due process hearing is limited. This case does not require us to decide the issue. However, we suggest that the State Board revise its regulations to address the scope of a school district's right to request a due process hearing, whether either party may request a due process hearing while OSEP is conducting its investigation, and whether OSEP's final investigation decision on an issue precludes one or both parties from later requesting a due process hearing on that issue.
[3] The relevant federal regulations were previously codified at 34 C.F.R. § 300.661.
[4] The Federal IDEA regulations also specifically require that the State Education Agency designate an impartial hearing officer to preside over due process hearings, 34 C.F.R. § 300.511(b), that the hearing officer issue the final decision at the administrative level, 34 C.F.R. § 300.514(a), and that a party aggrieved by the final decision may file a civil action in State or Federal court. 34 C.F.R. § 300.516(a).
[5] We need not decide here whether a party seeking review of a final OSEP decision should proceed first in this court or in the Law Division. See Hasbrouck Heights Bd. of Educ. v. W.J., supra, 358 N.J.Super, at 11, 816 A.2d 1056. The intervener's contention that the School Board lacks standing to challenge OSEP's decision at all is without sufficient merit to warrant discussion here. R. 2:11-3(e)(1)(E). We reject this argument for the reasons stated by the Commissioner in her October 16, 2006 decision, which the State Board affirmed.