**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1670-21

BOONTON EDUCATION
ASSOCIATION and
ROBERT DAVIS,

     Petitioners-Respondents,

v.

BOARD OF EDUCATION OF
THE TOWN OF BOONTON,
COUNTY OF MORRIS,

     Respondent-Appellant.

_____

> Argued October 3, 2022 – Decided October 19, 2022
>
> Before Judges Whipple, Smith and Marczyk.
>
> On appeal from an interlocutory order of the New Jersey Commissioner of Education, Docket No. 45-3/21.
>
> Jonathan F. Cohen argued the cause for appellant (Plosia Cohen LLC, attorneys; Jonathan F. Cohen, on the briefs).
>
> Richard A. Friedman argued the cause for respondents Boonton Education Association and Robert Davis

(Zazzali, Fagella, Nowak, Kleinbaum & Friedman, attorneys; Richard A. Friedman, of counsel and on the briefs; Sheila Murugan, on the briefs).

Hasibul Haque, Deputy Attorney General, argued the cause for respondent New Jersey Commissioner of Education (Matthew J. Platkin, Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Hasibul Haque, on the brief).

Steven R. Cohen argued the cause for amicus curiae New Jersey Education Association (Selikoff & Cohen, PA, attorneys; Steven R. Cohen, of counsel and on the brief; Keith Waldman and Hop T. Wechsler, on the brief).

Katrina M. Homel, Legal Counsel, argued the cause for amicus curiae New Jersey School Boards Association (Carl Tanksley, Acting General Counsel, attorney; Carl Tanksley and Katrina M. Homel, on the brief).

PER CURIAM

The issue before us is whether the Commissioner of Education (Commissioner) has jurisdiction to consider a petition filed by the Boonton Education Association (Association) and Robert Davis to determine whether the Board of Education of the Town of Boonton (Board) has offered a health plan equivalent to the New Jersey Educators' Health Plan (NJEHP) pursuant to N.J.S.A. 18A:16-13.2. The Board appeals from the Commissioner's decision finding it has subject matter jurisdiction to resolve the dispute. Following our review of the record and applicable legal principles, we affirm.

2

I.

In February 2021, Robert Davis' dependent son reached twenty-six years of age. The Board terminated Davis' son's health insurance at the end of the month, in accordance with the eligibility requirements of their private insurance plan. The Association contends Davis' son was entitled to coverage by the district's health insurance plan until the end of the 2021 calendar year.

On March 25, 2021, the Association filed a petition with the New Jersey Department of Education requesting the Commissioner to declare the Board violated N.J.S.A. 18A:16-13.2 by failing to provide a plan equivalent to the NJEHP and to compel the Board to provide an equivalent plan. The Board subsequently filed a motion to dismiss for lack of subject matter jurisdiction, and the matter was transmitted to the Office of Administrative Law (OAL) for a hearing before an Administrative Law Judge (ALJ). The ALJ issued an initial decision holding the Commissioner lacked jurisdiction over the subject matter of the dispute. On November 29, 2021, the Commissioner reversed the ALJ's decision holding the Commissioner had jurisdiction and remanded the matter for further proceedings. The Board subsequently filed a motion for leave to file an interlocutory appeal, which we granted.

Before us, the Board argues the Commissioner erred in determining it had subject matter jurisdiction, because the Commissioner gave too much weight to the fact that the underlying dispute arises from the statutory provision set forth in Title 18A—N.J.S.A. 18A:16-13.2. The Board contends the Commissioner lacks jurisdiction over disputes arising only tangentially out of provisions in Title 18A, which do not involve education laws within the Commissioner's expertise. The Board contends the Commissioner would have to interpret insurance statutes in Title 52 which are not education laws. Accordingly, the Board asserts this matter should have been heard in a different forum with a more appropriate administrative agency to interpret the complex health insurance statute at issue. The Board primarily relies on Board of Trustees v. La Tronica, 81 N.J. Super. 461 (App. Div. 1963), for the proposition that the Commissioner does not necessarily have jurisdiction over all matters stemming from Title 18A.[1]

---

[1] The Board further argues the equivalency provision of the statute only applies to the plan design in N.J.S.A. 52:17-17.46.13(f), and there are distinctions between benefits and eligibility issues. These arguments, however, go to the merits of the underlying dispute and not the jurisdiction issue before us.

A-1670-21

The Association counters the Board failed to offer an NJEHP-equivalent plan in violation of N.J.S.A. 18A:16-13.2. In July 2020, the Legislature enacted P.L. 2020, c. 44 (Chapter 44), which required all school districts to offer the NJEHP in addition to any other plans it may offer. Additionally, for those districts that do not participate in the School Employees' Health Benefits Program (SEHBP), but offer health coverage through a private carrier, they must offer a plan which is equivalent to the NJEHP. The Association notes the Board in this matter is a non-SEHBP participant, and therefore must offer an NJEHP-equivalent plan.

The Association contends the plain language of Title 18A demonstrates the Legislature intended the Commissioner to have jurisdiction when addressing the "equivalency" issue in this matter. The Association asserts the Commissioner has jurisdiction to hear all controversies and disputes arising under the education laws pursuant to N.J.S.A. 18A:6-9. Because N.J.S.A. 18A:16-13.2 is a Title 18A statute, it is therefore a "school law" subject to the Commissioner's jurisdiction. The Association argues because the Legislature required boards of education to offer equivalent plans under the statute, it is an education law issue and, therefore, the Commissioner has jurisdiction.

5

The Commissioner asserts because the Board does not participate in the SEHBP, and Davis was covered under a private health plan provided by the Board, it was required to provide a health plan equivalent to the NJEHP. N.J.S.A. 18A:16-13.2. The Commissioner notes the ALJ determined that because the NJEHP does not set forth any provisions regarding any coverage as part of the plan design, the Commissioner lacked jurisdiction to determine whether the Board's plan complied with the NJEHP. The Commissioner rejected the ALJ's decision, finding the requirement that school boards provide NJEHP-equivalent health insurance plans if they do not participate in the SEHBP is based on an education statute, N.J.S.A. 18A:16-13.2, rather than the statutory requirements of the SEHBP statute, N.J.S.A. 52:14-17.46.13(f). The Commissioner indicated in her decision it is presumed the Legislature intended this distinction, and, therefore, the Commissioner had jurisdiction over whether a non-participating board's plan is equivalent to the NJEHP.

The Commissioner argues the Board wrongly asserts the Commissioner lacks jurisdiction because there are issues implicated that pertain to areas outside of the education laws and the Commissioner's expertise. She argues the issue is not whether she has the jurisdiction to dictate the terms of a health plan or interpret a health insurance statute outside of its plain language, but rather

6

whether she has jurisdiction to determine whether the Board acted in accordance N.J.S.A. 18A:16-13.2, which is a school law. The Commissioner contends she has primary jurisdiction to hear and determine all controversies arising under the school laws. Bower v. Bd. of Educ. of E. Orange, 149 N.J. 416, 420 (1997); see also N.J.S.A. 18A:6-9. She notes the controversy at issue is whether the Board complied with N.J.S.A. 18A:16-13.2, which requires her to confirm that coverage comports with the terms set forth in N.J.S.A. 52:14-17.46.13(f). It does not require her to interpret any laws or terms outside of those parameters.

The New Jersey School Boards Association (NJSBA) argues as an amicus the Commissioner's decision in this matter is not entitled to any special deference because the issue before the court involves statutory interpretation, and review is therefore de novo. In re Ridgefield Park Bd. of Educ., 244 N.J. 1, 17 (2020). The NJSBA concedes the Chapter 44 amendments do not explicitly address the forum for resolving disputes regarding private health plans, and because of this ambiguity, the courts should look to extrinsic sources when the language of the statute is not clear.

The NJSBA argues the Commissioner does not have exclusive jurisdiction over all matters arising under Title 18A merely because the controversy involves a claim under Title 18A and notes there are a number of carve-outs in N.J.S.A.

A-1670-21

18A:6-9 for issues such as higher education and school elections. The NJSBA contends there are also various cases that stand for the proposition that the Commissioner does not have jurisdiction over contractual claims affecting the terms and conditions of an employment contract even when the matter directly relates to Title 18A, such as Board of Education of the Lenape Regional High School District v. State Department of Education, Office of Special Education Programs, 399 N.J. Super. 595 (App. Div. 2008).

The NJSBA further contends the Commissioner does not have expertise in interpreting insurance statutes, and the controversy in this matter should be deferred to another agency or court with such experience. The NJSBA further argues Chapter 44 is split between two titles, and the statutes in Title 52 discuss the details of the plan design, therefore suggesting the Commissioner should not be responsible for making the equivalency determination because the Legislature could have placed the entire Chapter 44 in Title 18A, but did not do so. Lastly, the NJSBA indicates that at most Title 18A grants the Commissioner authority to determine if the district has met its general obligation to provide insurance, not to interpret plan details such as the end date of dependent coverage.

8

The New Jersey Education Association (NJEA) asserts as amicus that under N.J.S.A. 18A:6-9 the Commissioner has broad jurisdiction to hear and determine all controversies and disputes arising under the school laws with very limited exceptions. The NJEA argues the Commissioner regularly hears cases involving tenure rights, health insurance benefits, and other issues that arise under the school laws. The NJEA contends that if the court were to grant the Board's request and determine the Commissioner lacks jurisdiction under N.J.S.A. 18A: 16-13.2, and that the controversy at issue could be resolved before multiple different agencies, it would create forum shopping, jurisdictional uncertainty, and procedural chaos. The NJEA further submits N.J.S.A. 18A:16-13.2 is an education statute, and whether the Board's health insurance plan was equivalent to NJEHP is within the Commissioner's jurisdiction. The NJEA argues this case does not involve an interpretation of complex medical insurance statutes or require special expertise. The NJEA further notes while there are some situations where the Commissioner lacks jurisdiction regarding issues involving teachers, those cases do not arise from school laws.

## III.

Ordinarily, our review of a final decision from an administrative agency is limited. In re Adoption of Amendments to Ne., Upper Raritan, Sussex Cty.

& Upper Del. Water Quality Mgmt. Plans, 435 N.J. Super. 571, 582 (App. Div. 2014). "A court may reverse only if it 'conclude[s] that the decision of the administrative agency is arbitrary, capricious, or unreasonable, or is not supported by substantial credible evidence in the record as a whole.'" Ibid. (alteration in original) (quoting J.D. v. N.J. Div. of Dev. Disabilities, 329 N.J. Super. 516, 521 (App. Div. 2000)). We are, however, not "bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Ardan v. Bd. of Rev., 231 N.J. 589, 604 (2018) (quoting US Bank, N.A. v. Hough, 210 N.J. 187, 200 (2012)). "[If] an agency's determination . . . is a legal determination, [the appellate court's] review is de novo." L.A. v. Bd. of Educ. of Trenton, Mercer Cty., 22 N.J. 192, 204 (2015). Here, "[t]he determination of whether an administrative agency has jurisdiction over a particular matter 'is one of statutory construction, that is, determining the legislative intent.'" Borough of Haledon v. Borough of N. Haledon, 358 N.J. Super. 289, 298 (App. Div. 2003) (quoting Hinfey v. Matawan Reg'l Bd. of Educ., 77 N.J. 514, 529 (1978)).

"The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citing Frugis v. Bracigliano, 177 N.J. 250, 280 (2003)). Furthermore, "[w]e ascribe to the statutory words their

ordinary meaning and significance . . . and read them in context with related provisions so as to give sense to the legislation as a whole." Ibid. (first citing Lane v. Holderman, 23 N.J. 304, 313 (1957); then citing Chasin v. Montclair State Univ., 159 N.J. 418, 426–27 (1999)). More importantly, "[i]t is not the function of this Court to 'rewrite a plainly-written enactment of the Legislature . . . or presume that the Legislature intended something other than that expressed by way of the plain language.'" Ibid. (quoting O'Connell v. State, 171 N.J. 484, 488 (2002)). Simply put, "[w]e cannot 'write in an additional qualification which the Legislature pointedly omitted in drafting its own enactment,' . . . or 'engage in conjecture or surmise which will circumvent the plain meaning of the act.'" Ibid. (first quoting Craster v. Bd. of Comm'rs of Newark, 9 N.J. 225, 230 (1952); then quoting In re Closing of Jamesburg High Sch., 83 N.J. 540, 548 (1980)). Therefore, "[o]ur duty is to construe and apply the statute as enacted." Ibid. (quoting In re Closing of Jamesburg High Sch., 83 N.J. at 548). Furthermore, "'the Legislature is presumed to be aware of judicial construction of its enactments,' and . . . 'a change of language in a statute ordinarily implies a purposeful alteration in [the] substance of the law[.]'" Ibid. (first quoting N.J. Democratic Party, Inc. v. Samson, 175 N.J. 178, 195 n.6 (2002); then quoting Nagy v. Ford Motor Co., 6 N.J. 341, 348 (1951)).

Guided by these principles, we are satisfied the Commissioner has jurisdiction under the facts of this case. We start our analysis by recognizing the broad powers given to the Commissioner as set forth in N.J.S.A. 18A:6-9, which provides, in pertinent part, "[t]he [C]ommissioner shall have jurisdiction to hear and determine . . . all controversies and disputes arising under the school laws. . . ." (emphasis added). Our courts have similarly recognized this comprehensive authority. "The Commissioner . . . has fundamental and indispensable jurisdiction over all disputes and controversies arising under the school laws." Hinfey, 77 N.J. at 525 (citing N.J.S.A. 18A:6-9). In this respect, the Court has repeatedly "reaffirmed the great breadth of the Commissioner's powers." Ibid. (quoting Dunellen Bd. of Educ. v. Dunellen Educ. Ass'n, 64 N.J. at 23). In Sukin v. Northfield Board of Education, the court noted, "[w]e are equally satisfied that the Commissioner has additional incidental jurisdiction to determine issues arising under [other statutes (such as the Open Public Meetings Act)] as they relate to controversies under the school laws." 171 N.J. Super. 184, 187 (App. Div. 1979) (citations omitted).

The Legislature recently adopted N.J.S.A. 18A:16-13.2 by passing Chapter 44, which provides, "[a] board of education . . . providing health care benefits coverage . . . in accordance with P.L. 1979, c. 391 (C.18A:16-12 et seq.)

12

shall offer to its employees, and their dependents . . . the equivalent of the [NJEHP] as that plan design is described in subsection f. of section 1 of P.L. 2020, c. 44 (C.52:14-17.46.13)." Specifically, pursuant to N.J.S.A. 18A:16-13.2 if a local board of education does not participate in the SEHBP, the board may select any health insurance company to provide coverage that is equivalent to the NJEHP, as required under N.J.S.A. 52:14-17.46.13(f). It is the application of this "equivalency" provision, and who is responsible for hearing and deciding controversies stemming from this section of the statute, that is at issue before us.

We presume the Legislature intentionally placed this provision in Title 18A, notwithstanding the Board's argument that it may have been a mistake. "Ordinarily, we are enjoined from presuming that the Legislature intended a result different from the wording of the statute or from adding a qualification that has been omitted from the statute." DiProspero, 183 N.J. at 493. We determine we also should not presume the Legislature intended to place this statute in a different Title. Although not dispositive on the issue of jurisdiction in every situation, the Association's argument, here, is persuasive given the amendment's placement in Title 18A coupled with the Commissioner's broad authority to resolve disputes involving school laws. N.J.S.A. 18A:6-9. We

13

recognize the Commissioner must look to Title 52 to address issues in the underlying case, but that does not divest the Commissioner of her authority when the Legislature designed and implemented the statutory scheme knowing it would require the Commissioner to consider the equivalency issue by referring to plans in Title 52. Moreover, nowhere in N.J.S.A. 18A:16-13.2 did the Legislature indicate disputes arising under this provision must be addressed by an agency other than the Commissioner. This does not end our inquiry.

We know from the language in N.J.S.A. 18A:6-9 the Legislature understood it could limit the Commissioner's authority to preside over certain limited disputes as it had done in the past. N.J.S.A. 18A:6-9 specifically states the Commissioner shall not have jurisdiction regarding "higher education, or . . . the rules of the State board or of the commissioner." Additionally, the statute provides, "[f]or the purposes of this Title, controversies and disputes concerning the conduct of school elections shall not be deemed to arise under the school laws." Ibid. So, while the Legislature had previously limited the jurisdiction of the Commissioner by implementing certain carve-outs, it did not do so for the purposes of the equivalency issue under N.J.S.A. 18A:16-13.2.

While our courts have at times determined the Commissioner did not have jurisdiction in certain limited circumstances, none of those cases involved facts

similar to this case or in any way deal the provisions of N.J.S.A. 18A:16-13.2. For example, the Court in La Tronica, relied upon by the Board, addressed the issue of whether the Commissioner of Education had jurisdiction to review the rulings of the Board of Trustees of the Teachers' Pension and Annuity Fund and whether the proper procedure would instead have been a direct appeal to the appellate division. 81 N.J. Super. at 461. In La Tronica, we noted the issue of whether to award retirement allowances based on extra compensation paid to certain teachers during their final year of employment preceding retirement fell clearly within the purview Board of Trustees of the Teachers' Pension and Annuity Fund pursuant to N.J.S.A. 18:13-112.60. Id. at 468.[2] The case before us is afield from La Tronica, because there is statutory authority pursuant to N.J.S.A. 18A: 16-13.2 for who had jurisdiction to hear and decide the dispute.

Similarly, NJSBA's reliance on Lenape is unavailing. There, we concluded the school board had no right of appeal to the Commissioner of Education from the Office of Special Education Programs' (OSEP) final decision regarding complaints of violations of the Individuals with Disabilities Education

---

[2] We further noted the Commissioner "attempted . . . to pass on the validity of a ruling by the Board of Trustees, another duly constituted State agency—a procedure we deem not only contrary to statute and case law, but to our rules." Id. at 468.

Act, where the regulations issued by the department did not include any right of administrative review from the final decision of OSEP. 399 N.J. Super. at 602. Here, there are no such controlling regulations limiting the Commissioner's jurisdiction.

In short, we conclude the Commissioner has jurisdiction to hear and decide this dispute.[3] We express no opinion on the merits of the underlying case regarding Davis' dependent's coverage and the equivalency issue. To the extent we have not otherwise addressed the arguments advanced on appeal, they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] An adverse final agency decision is, of course, appealable as of right to this court. See R. 2:2-3(a)(2).